NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

INNKEEPERS OF OHIO, INC., d/b/a Ramada Inn of Fremont, Respondent.

No. 76–1391.

United States Court of Appeals, Sixth Circuit.

April 18, 1979.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Helen L. Morgan, Washington, D. C., Bernard Levine, Director, Region 8, N. L. R. B., Cleveland, Ohio, for petitioner.

Gregory P. Szuter, Schwartz, Einhart & Simerka, Cleveland, Ohio, for respondent.

Before CELEBREZZE and MERRITT, Circuit Judges, and PECK, Senior Circuit Judge.

## ORDER

This case is before the court on petition of the National Labor Relations Board for enforcement of a supplemental order directing the respondent, Innkeepers of Ohio, Inc., to pay back pay and reinstate an employee. This petition is properly before this court since the alleged unfair labor practice occurred in Fremont, Ohio. 29 U.S.C. § 160(e).

This case was originally before this court on the Board's petition for enforcement of its Decision and Order of November 5, 1975, which found the respondent in violation of §§ 8(a)(3) and (1) of the National Labor Relations Act. The Board ordered the respondent to reinstate the illegally discharged employees and make the employees whole for any losses sustained as a result of the respondent's unfair labor practices. On May 18, 1976, this court entered judgment enforcing the Board's order.

There subsequently arose a dispute over whether certain employees had been offered proper reinstatement and the amount of back pay which should be awarded. These matters were submitted to an administrative law judge for a subsequent hearing. On March 3, 1978 the administrative law judge issued a supplemental Decision and Order finding the respondent in violation of §§ 8(a)(3) and (4) of the Act for refusing to properly reinstate an employee. The ALJ also set the amount of back pay that was due those employees illegally discharged. On March 3, 1978 the case was officially transferred to the Board. The respondent filed no objections with the Board concerning the supplemental Decision and Order. On April 13, 1978 the Board adopted the decision of the ALJ and entered an order accordingly. The Board now seeks enforcement of its Decision and Order of April 13, 1978.

In response to the Board's petition for enforcement the respondent raises a number of objections not raised before the

**178**

Board. Section 10(c) of the Act provides in pertinent part that:

> In case the evidence is presented before a member of the Board, or before an examiner or examiners thereof, such member, or such examiner or examiners as the case may be, shall issue and cause to be served on the parties to the proceeding a proposed report, together with a recommended order, which shall be filed with the Board, and if no exceptions are filed within twenty days after service thereof upon such parties, or within such further period as the Board may authorize, such recommended order shall become the order of the Board and become effective as therein prescribed.

Section 10(e) of the Act further provides that:

> No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.

These statutory provisions are very clear and they prohibit this court's consideration of objections to a Board order not filed with the Board unless we conclude extraordinary circumstances exist to excuse respondent's neglect. The respondent urges a number of circumstances which it claims are extraordinary. We find respondent's arguments unpersuasive.

█ Upon consideration of the record on appeal, the briefs and oral argument of counsel for the parties, and the court being fully advised in the premises finds the Board's supplemental decision and order to be supported by substantial evidence on the record considered as a whole, Therefore,

It is ORDERED that the Board's Decision and Order of April 13, 1978 be and it hereby is enforced.