38 F.3d 1216
 147 L.R.R.M. (BNA) 2662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
HARABEDIAN PAVING COMPANY, Respondent.
 No. 94-5983.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1994.
 
 Before: MILBURN, RYAN and NORRIS, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its April 14, 1994, decision and order in Case No. 7-CA-35228 in which it found the respondent had violated federal labor law and directed the respondent to take certain remedial steps enumerated therein. The respondent, which did not contest the charges before the Board, likewise has not responded to the present application for summary enforcement. Under these circumstances, we conclude the Board is entitled to the relief sought. See NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir.1982) (order) (in absense of extraordinary circumstances, Board decision and order entitled to summary enforcement if no exceptions raised before Board); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order) (same).
 
 
 2
 It therefore is ORDERED that the Board's order and decision in Case No. 7-CA-35228, is hereby enforced. The respondent, Harabedian Paving Company, Troy, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to make fringe benefit contributions which are mandatory subjects of bargaining, as required by the collective bargaining agreement with Local 324, International Union of Operating Engineers, AFL-CIO, on behalf of the employees in the following unit:
 
 
 4
 All full-time and regular part-time Class I operators, Class III operators, and working foremen employed by the respondent at or out of its Troy facility; but excluding all office clerical employees, guards and supervisors as defined in the National Labor Relations Act (the "Act").
 
 
 5
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 7
 (a) Make all contractually required fringe benefit contributions which are mandatory subjects of bargaining and which it has failed to make since May 17, 1993, on behalf of the unit employees, remit any other amounts due the Funds, and make the employees whole in the manner set forth in the remedy section of the Board's decision.
 
 
 8
 (b) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this judgment.
 
 
 9
 (c) Post at its facility in Troy, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced or covered by any other material.
 
 
 10
 (d) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 POSTED PURSUANT TO A JUDGMENT OF
 THE UNITED STATES COURT OF APPEALS
 ENFORCING AN ORDER OF THE NATIONAL
 LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 11
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 12
 WE WILL NOT fail or refuse to make contractually required fringe benefit contributions which are mandatory subjects of bargaining, as required by our collective-bargaining agreement with Local 324, International Union of Operating Engineers, AFL-CIO on behalf of the employees in the following unit:
 
 
 13
 All full-time and regular part-time Class I operators, Class III operators, and working foremen employed by the Employer at or out of our Troy facility; but excluding all office clerical employees, guards and supervisors as defined in the Act.
 
 
 14
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 15
 WE WILL make all contractually required fringe benefit contributions which are mandatory subjects of bargaining and which we have failed to make since May 17, 1993, on behalf of the unit employees, remit any other amounts due the Funds, and make our employees whole, with interest.
 
 HARABEDIAN PAVING COMPANY