38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SMITTY'S MEAT MARKET, INC., Respondent.
 No. 94-5980.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1994.
 
 Before: MILBURN, RYAN and NORRIS, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its March 31, 1994, decision and order in Case Nos. 8-CA-25428-1 and 8-CA-25428-2 in which the Board found the respondent violated federal labor law and directed the respondent to take certain remedial steps enumerated therein. Although the respondent appeared at the trial before the Administrative Law Judge (the "ALJ"), it did not file exceptions from the ALJ's decision. Likewise, it has not filed a response to the present application. Under these circumstances, we conclude the Board is entitled to the relief sought. See NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir.1982) (order) (in the absense of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no exceptions are filed with the Board); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order) (same).
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case Nos. 8-CA-25429-1 and 8-CA-25428-2 is hereby enforced. The respondent, Smitty's Meat Market, Inc., Toledo, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Directly or impliedly threatening employees with discharge, conveying to employees that the filing of grievances would be futile, threatening to lock employees out or to eliminate jobs, and otherwise harassing employees because they had engaged in union or other protected activity.
 
 
 4
 (b) Discriminatorily changing the hours of, demoting and reducing the pay of employees and discharging then because of their union or other protected activities.
 
 
 5
 (c) Failing and refusing to furnish United Food and Commercial Workers Union Local No. 626, AFL-CIO (the "Union") with requested wage and personnel data which is necessary for and relevant to the performance of the Union's duties as exclusive collective bargaining representative of the unit employees, and unilaterally changing its employees' wage rates.
 
 
 6
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 8
 (a) Offer Daniel Punches immediate and full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed, and make him whole for any loss of earnings and other benefits suffered as a result of the discrimination against him in the manner set forth in the remedy section of the Administrative Law Judge's decision.
 
 
 9
 (b) Remove from its files any reference to the unlawful demotion and constructive discharge and notify the employee in writing that this has been done and that the demotion and discharge will not be used against him in any way.
 
 
 10
 (c) Bargain in good faith with the Union and furnish it with the requested personnel and wage data information which is necessary for, and relevant to, the Union's performance of its duties as exclusive collective bargaining representative of the employees in the following unit which is appropriate for collective bargaining pursuant to Section 9(b) of the Act:
 
 
 11
 All journeymen and apprentice meat cutters and sausage makers, including the head meat cuter, and all clerks, employed by Smitty's Meat Markets, Inc. at its facility in Toledo, Ohio, excluding all guards and supervisors as defined in the Act.
 
 
 12
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 13
 (e) Post at its facility in Toledo, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 8 of the National Labor Relations Board (Cleveland, Ohio), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 14
 (f) Notify the Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 15
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 16
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 17
 Section 7 of the Act gives employees these rights:
 
 
 18
 To organize;
 
 
 19
 To form, join, or assist any union;
 
 
 20
 To bargain collectively through representatives of their own choice;
 
 
 21
 To act together for other mutual aid or protection; and,
 
 
 22
 To choose not to engage in any of these protected concerted activities.
 
 
 23
 WE WILL NOT discharge, demote or otherwise discriminate against any of you for filing grievances or for supporting United Food and Commercial Workers Union Local 626, AFL-CIO or any other union.
 
 
 24
 WE WILL NOT threaten employees with discharge, convey to employees that the filing of a grievance would be futile, threaten to lock employees out or to eliminate their jobs because they engaged in union or other protected activities.
 
 
 25
 WE WILL NOT refuse to furnish the Union, upon request, with information it needs as the exclusive collective-bargaining representative of the unit employees, or fail and refuse to compensate our employees at the pay rates specified in the collective-bargaining agreement.
 
 
 26
 WE WILL NOT in any like or related manner interfere with, restrain or coerce you in the exercise of the rights guaranteed by Section 7 of the Act.
 
 
 27
 WE WILL offer Daniel Punches immediate and full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed and WE WILL make him whole for any loss of earnings and other benefits resulting from his demotion and discharge, less any net interim earnings, plus interest.
 
 
 28
 WE WILL notify him that we have removed from our files any reference to his demotion and discharge and that the demotion and discharge will not be used against him in any way.
 
 
 29
 WE WILL bargain in good faith with the Union and furnish it, upon request, with information it needs as the exclusive collective-bargaining representative of the employees in the following unit which is appropriate for collective bargaining pursuant to Section 9(b) of the Act:
 
 
 30
 All journeymen and apprentice meat cutters and sausage makers, including the head meat cutter, and all clerks, employed by Smitty's Meat Markets, Inc. at its facility in Toledo, Ohio, excluding all guards and supervisors as defined in the Act.
 
 
 31
 SMITTY'S MEAT MARKET, INC.
 
 
 32
 (Employer)
 
 
 33
 Dated __________ By ______________________________
 
 
 34
 (Representative)
 
 
 35
 (Title)
 
 
 36
 This is an official notice and must not be defaced by anyone.
 
 
 37
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 East 9th Street, Room 1695, Cleveland, Ohio 44199-2086, Telephone 216-522-3729.