39 F.3d 1182
 147 L.R.R.M. (BNA) 2662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Art BERGER, a Sole Proprietor doing business as Art Berger,
Respondent.
 No. 94-5991.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1994.
 
 Before: MILBURN, RYAN and NORRIS, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its April 28, 1994, decision and order in Case No. 7-CA-35151 in which it found the respondent had violated federal labor law and ordered the respondent to take certain remedial acts enumerated therein. The respondent, who did not contest the charges before the Board, likewise has not responded to the present application for summary enforcement. Under these circumstances, we conclude the Board is entitled to the relief sought. See NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir.1982) (order) (Board decision and order entitled to summary enforcement in the absense of extraordinary circumstances excusing the failure to file exceptions with Board); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order) (same).
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-35151 is hereby enforced. The respondent, Art Berger, a sole proprietor d/b/a Art Berger, Romeo, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Since on or about May 15, 1993, unilaterally and without agreement by Detroit Area Local 67, Operative Plasterers' and Cement Masons International Association, AFL-CIO, or compliance with the provisions of Section 8(d) of the National Labor Relations Act (the "Act"), failing and refusing to apply the terms of the Association Agreement to unit employees by failing to make fringe benefit fund payments, to submit fringe benefit reports, and to pay any liquidated damages. The unit consists of the following employees:
 
 
 4
 All journeymen and apprentice plasterers employed by the respondent but excluding guards and supervisors as defined in the Act.
 
 
 5
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 7
 (a) Submit the monthly reports and make whole the unit employees by making all contributions it has failed to make since May 15, 1993, by reimbursing employees for their expenses, and by paying liquidated damages, and other amounts due the funds, as set forth in the remedy section of the Board's decision.
 
 
 8
 (b) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this judgment.
 
 
 9
 (c) Post at its facility in Romeo, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced or covered by any other material.
 
 
 10
 (d) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 POSTED PURSUANT TO A JUDGMENT OF
 THE UNITED STATES COURT OF APPEALS
 ENFORCING AN ORDER OF THE NATIONAL
 LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 11
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 12
 WE WILL NOT unilaterally and without agreement by the Detroit Area Local 67, Operative Plasterers' and Cement Masons International Association, AFL-CIO, fail or refuse to apply the terms of the Association Agreement to unit employees by failing, since May 15, 1993, to make fringe benefit fund payments, to submit fringe benefit reports, or to pay any liquidated damages. The unit consists of the following employees:
 
 
 13
 All journeymen and apprentice plasterers employed by the Employer but excluding guards and supervisors as defined in the Act.
 
 
 14
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 15
 WE WILL submit the monthly reports and make whole our unit employees by making all contributions we have failed to make since May 15, 1993, by reimbursing employees for any expenses ensuing from our failure to make the required contributions, and by paying liquidated damages and other amounts due the funds as set forth in a decision of the National Labor Relations Board.
 
 
 16
 ART BERGER, A SOLE PROPRIETOR D/B/A ART BERGER