41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD Petitioner,
v.
Andre FIKES, a sole proprietor, d/b/a Andre and Tony
Painting; and its alter ego and successor, F & H
Enterprises, Inc., d/b/a Andre and Tony
Painting Respondent.
 No. 94-6060.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1994.
 
 Before: BROWN, KENNEDY and SILER, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its May 18, 1994, decision and order in Case No. 7-CA-34748 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. Although the respondent appeared at the trial before the Administrative Law Judge (the "ALJ"), it did not file exceptions to the ALJ's decision. Likewise, it has not filed a response to the Board's application to this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F2d 31 (6th Cir.1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order) (same).
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-34748 is hereby enforced. The respondent, Andre Fikes, a sole proprietor, d/b/a Andre and Tony Painting, and its alter ego and successor, F & H Enterprises, Inc., d/b/a Andre and Tony Painting, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Soliciting assurances from employees that they will not engage in union activities if they are hired by respondent or informing employees that respondent would not have union employees working for it.
 
 
 4
 (b) Refusing to employ or to consider for employment an applicant for employment because he engaged in activities on behalf of or was or is a member of International Brotherhood of Painters and Allied Trades, Local 119, AFL-CIO, or any other labor organization, or engaged in other protected concerted activities.
 
 
 5
 (c) In any like or related manner interfering with, restraining, or coercing its employees in the exercise of their rights guaranteed by Section 7 of the National Labor Relations Act (the "Act").
 
 
 6
 2. Take the following affirmative action designed to effectuate the policies of the Act:
 
 
 7
 (a) Offer to Richard Sniff employment as a painter in any of the skills for which he is qualified as specified in the section of the ALJ's decision entitled "The Remedy" and make him whole for any loss of wages or other benefits, with interest, he may have suffered by reason of respondent's unlawful refusal to employ him commencing April 5, 1993.
 
 
 8
 (b) Preserve and, upon request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports and all other records necessary to determine the amount of backpay due under the terms of this judgment.
 
 
 9
 (c) Post at its Grand Rapids place of business copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 10
 (d) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 11
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 12
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 13
 WE WILL NOT discriminate against any employee or applicant for employment, thereby discouraging membership in International Brotherhood of Painters and Allied Trades, Local 119, AFL-CIO, herein called the Union, or any other labor organization, because of the employees' activities on behalf of, support of or membership in that labor organization or any other labor organization.
 
 
 14
 WE WILL NOT inform any employee or applicant for employment that we will not have union employees working for us nor will we solicit employees to give insurance that they will not engage in union activities if we hire them.
 
 
 15
 WE WILL NOT in any like or related manner interfere with, restrain or coerce employees in the exercise of rights guaranteed them in Section 7 of the Act.
 
 
 16
 WE WILL offer to Richard Sniff employment as a painter in any of the skills for which he is qualified and WE WILL make him whole for the period commencing April 5, 1993, for any losses he may have suffered by reason of our unlawful refusal to consider him for employment and to employ him, together with interest on any such funds.
 
 
 17
 ANDRE FIKES, A SOLE PROPRIETOR, d/b/a ANDRE and TONY PAINTING and it alter ego and successor, F & H ENTERPRISES, INC., d/b/a ANDRE and TONY PAINTING
 
 
 18
 (Employer)
 
 
 19
 Dated ____________________ By ________________________________________
 
 
 20
 (Representative)
 
 
 21
 (Title)
 
 
 22
 This is an official notice and must not be defaced by anyone.
 
 
 23
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.