41 F.3d 1507
 129 Lab.Cas. P 11,238
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
HOWARD BAER, INC., and Crystal Carriers, Inc.. joint
employers, Respondents.
 No. 94-6260.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: ENGEL, MARTIN and BOGGS, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its May 27, 1994, decision and order in Case Nos. 7-CA-34536 and 7-CA-34670 in which it found the respondents violated federal labor law and directed the respondents to take certain remedial steps stated therein. Although the respondents appeared at the trial before the Administrative Law Judge (the "ALJ"), they did not file exceptions with the Board from the ALJ's decision. Likewise, they have not filed a response to the Board's application to this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir.1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order).
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case Nos. 7-CA-34536 and 7-CA-34670 are hereby enforced. The respondents, Howard Baer, Inc. and Crystal Carriers, Inc., Joint Employers, their officers, agents, successors and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Unlawfully transferring or reassigning employees to different jobs, constructively discharging, or otherwise discriminating against, employees because of their sympathies for, membership in or activities on behalf of Local Union No. 247, International Brotherhood of Teamsters, AFL-CIO, (the "Union"), or any other labor organization.
 
 
 4
 (b) Coercively interrogating employees with respect to their union activities, sympathies or desires.
 
 
 5
 (c) Creating the impression among employees that their union activities are under respondents' surveillance.
 
 
 6
 (d) Promising employees improved wages or benefits in order to dissuade them from unionization.
 
 
 7
 (e) Threatening employees with plant closure if they select the Union, or any other labor organization, as their collective-bargaining representative.
 
 
 8
 (f) Granting employees pay increases or other benefits for the purpose of dissuading then from supporting the Union or any other labor organization as their collective-bargaining representative.
 
 
 9
 (g) In any like or related manner, interfering with, restraining, or coercing their employees in the exercise of their rights guaranteed by Section 7 of the National Labor Relations Act (the "Act").
 
 
 10
 2. Take the following affirmative action which is necessary to effectuate the policies of the Act:
 
 
 11
 (a) Offer their employees, Thomas Paulson and Leonard Moody, immediate reinstatement to their former jobs as Columbus-Romulus drivers, or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or other rights and privileges, and make them whole as set forth in the section of the ALJ's decision entitled "The Remedy," for any loss of earnings and benefits suffered as a result of the discrimination against them.
 
 
 12
 (b) Expunge from their records any references to the unlawful transfer or reassignments of Leonard Moody and Thomas Paulson and to their unlawful constructive discharges of April, 1993, and notify each of them, in writing, that this has been done and that any evidence in their records relating to the unlawful transfers, reassignments and constructive discharges will not be used hereafter in personnel action against them.
 
 
 13
 (c) Preserve and, upon request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due and the right of reinstatement under the terms of this judgment.
 
 
 14
 (d) Post at its facilities in Romulus, Michigan and Cincinnati, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being duly signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 15
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondents have taken to comply with this judgment.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 16
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 17
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 18
 WE WILL NOT transfer or reassign, constructively discharge, or take any other discriminatory or retaliatory action against employees because of their membership in, sympathy for or activities on behalf of Local Union No. 247, International Brotherhood of Teamsters, AFL-CIO, herein called the Union, or any other labor organization.
 
 
 19
 WE WILL NOT coercively interrogate employees with respect to their union activities, sympathies or desires.
 
 
 20
 WE WILL NOT create the impression among our employees that their union activities are under our surveillance.
 
 
 21
 WE WILL NOT promise employees improved wages or other benefits in order to dissuade them from unionization or selecting the Union as their collective-bargaining representative.
 
 
 22
 WE WILL NOT threaten employees with plant closure in order to dissuade them from selecting the Union as their collective-bargaining representative or because of their sympathies for, activities on behalf of or membership in the Union or any of the labor organizations.
 
 
 23
 WE WILL NOT grant pay increases or other benefits to employees in order to dissuade them from unionization or selecting the Union as their collective-bargaining representative.
 
 
 24
 WE WILL offer immediate reinstatement to Thomas Paulson and Leonard Moody, to their former jobs as Columbus-Romulus drivers or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or other rights and privileges and make them whole, with interest, for any loss of earnings or benefits suffered as the result of our discrimination against them.
 
 
 25
 WE WILL expunge from our records any references to the unlawful transfers or reassignments of Leonard Moody and Thomas Paulson and to their unlawful constructive discharges occurring in April, 1993, and we will notify each of them, in writing, that this has been done and that any evidence in our records relating to the unlawful transfers, reassignments and constructive discharges will not be used hereafter in personnel actions against them.
 
 HOWARD BAER INC., and CRYSTAL CARRIERS
 INC., Joint Employers
 
 26
 (Employer)
 
 Dated ______
 By __________________________________
 
 27
 (Representative) (Title)
 
 
 28
 This is an official notice and must not be defaced by anyone.
 
 
 29
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.