46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
M & V PAINTING, INC.; Piper Painting, Inc.; Vic Piper, an
Individual, a Single Employer, Respondents.
 No. 94-6532.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1995.
 
 Before: WELLFORD, BOGGS and SILER, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its June 27, 1994, decision and order in Cases No. 7-CA-34567(1) and 7-CA-34567(2) in which it found the respondents violated federal labor law and directed the respondents to take certain remedial steps stated therein. Although the respondents appeared at the trial before the Administrative Law Judge (the "ALJ"), they did not file exceptions with the Board from the ALJ's decision. Likewise, they have not filed a response to the Board's application to this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir.1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order).
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Cases No. 7-CA-34567(1) and 7-CA-34567(2) is hereby enforced. The respondents, M & V Painting, Inc., Piper Painting, Inc., and Vic Piper, an individual, a single employer, their officers, agents, successors and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Discharging their employees in violation of their statutory rights under Section 7 of the National Labor Relations Act (the "Act").
 
 
 4
 (b) Failing and refusing to pay contractually agreed upon wages to their employees.
 
 
 5
 (c) Failing and refusing to transmit contractually agreed upon funds on account of health and welfare, pension and apprenticeship funds to appropriate receiving agencies for such funds.
 
 
 6
 (d) In any other manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 8
 (a) Make whole Robert Ward for loss of earnings in the period April 21 to 27, 1993 by reason of the discrimination against him in the manner set forth in Section IV of the ALJ's decision entitled "The Remedy."
 
 
 9
 (b) Make whole Howard Quant for losses in earnings in the period beginning April 19, 1993 by reason of the discrimination against him, as set forth in Section IV of the ALJ's decision.
 
 
 10
 (c) Reinstate the following named employees to their former or substantially equivalent positions, or as provided in Section IV of the ALJ's decision:
 
 
 11
 Robert (Dan) Halliday, Sr.
 
 
 12
 Robert (Dan) Halliday, Jr.
 
 Howard (Joe) Quant
 Benjamin Ward
 Robert Ward
 Francis James Frazer
 
 13
 (d) Make these employees whole on account of the discrimination against them as provided in Section IV of the ALJ's decision.
 
 
 14
 (e) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 15
 (f) Post at its business offices, and any location where it is currently doing business, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 16
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 17
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 18
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 19
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 20
 Section 7 of the Act gives employees these rights
 
 To organize
 To form, join, or assist any union
 
 21
 To bargain collectively through representatives of their own choice
 
 
 22
 To act together for other mutual aid or protection
 
 
 23
 To choose not to engage in any of these protected concerted activities.
 
 
 24
 WE WILL NOT discharge our employees because they have exercised their rights under Section 7 of the Act.
 
 
 25
 WE WILL NOT fail and refuse to honor pay rates and fringe benefits in our contract with Painters' Union Local 1474.
 
 
 26
 WE WILL NOT in any other manner restrain or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 27
 WE WILL immediate offer the following named employees reinstatement to there former or substantially equivalent positions, or if no such positions are available, then to any equivalent position if we resume operations as painting contractors in the state of Michigan or elsewhere.
 
 The Employees question are:
 
 28
 Robert (Dan) Halliday, Sr.
 
 
 29
 Robert (Dan) Halliday, Jr.
 
 Howard (Joe) Quant
 Benjamin Ward
 Robert Ward
 Francis James Frazer
 
 30
 WE WILL make whole the above named employees for losses in earnings suffered by then by reason of the discrimination against them WE WILL make any funds due money because of our failure to line up to contract terms covering health and welfare, pension and apprenticeship funds.
 
 
 31
 M & V PAINTING, INC.,
 
 
 32
 PIPER PAINTING, INC.
 
 AND VICE PIPER
 
 33
 (Employer)
 
 Dated ______ By __________
 
 34
 (Representative) (Title)
 
 
 35
 This is an official notice and must not be defaced by anyone.
 
 
 36
 This notice must remain posted for 60-consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.