59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
James DINE, a Sole Proprietor doing business as Jim Dine
Painting and Dine's Painting, Respondent.
 No. 95-5618.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1995.
 
 National Labor Relations Board, Nos. 7-CA-33995, 7-CA-34467.
 NLRB
 ORDER ENFORCED.
 Before: KEITH, BROWN, and BATCHELDER, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its December 19, 1994, decision and order in Case Nos. 7-CA-33795, 7-CA-34467 and 7-RC-19969 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. Although the respondent appeared at the trial before the Administrative Law Judge (the "ALJ"), it did not file exceptions with the Board from the ALJ's decision. Likewise, it has not filed a response to the Board's application to this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir. 1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir. 1979) (order).
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case Nos. 7-CA-33795, 7-CA-34467 and 7-RC-19969 is hereby enforced. The respondent, James Dine, a sole proprietor d/b/a Jim Dine Painting and Dine's Painting, Hagar Township, Michigan, its officers, agents, successors and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Laying off and refusing to recall employees because of their union activities, or other concerted activities protected by Section 7 of the National Labor Relations Act (the "Act"), or because they gave testimony under the Act.
 
 
 4
 (b) Threatening employees with bodily harm, closure, loss of employment, loss of pay and other reprisals and actions if the employees opt for union representation, or otherwise engage in union activities; interrogating employees about Local No. 1396, International Brotherhood of Painters and Allied Trades, AFL-CIO (the "Union"); soliciting employees to testify falsely; directing employees to avoid being subpoenaed to testify in Board proceedings and giving specific instructions regarding the avoidance of service of subpoenas and directing employees to keep away from, and not talk to, representatives of the Union.
 
 
 5
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of rights guaranteed them in Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 7
 (a) Offer to James Statler, Mark Lambrecht, Jamie Wymer and Michael Wymer immediate and full reinstatement to their former position or, if those positions no longer exist, to substantially equivalent positions, without prejudice to seniority and other rights or privileges.
 
 
 8
 (b) Make James Statler, Mark Lambrecht, Jamie Wymer and Michael Wymer whole for any loss of earnings and other benefits suffered as a result of the discrimination against them. Backpay shall be computed as prescribed in F.W. Woolworth Co., 90 N.L.R.B. 289 (1950), with interest as computed in New Horizons for the Retarded, 283 N.L.R.B. 1173 (1987).
 
 
 9
 (c) Expunge from its files any reference to the August 1992 layoffs of Statler and Lambrecht, and the January 1993 layoffs of the Wymers, and notify the affected employees, in writing, that this has been done.
 
 
 10
 (d) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 11
 (e) Post at its Hagar Township, Michigan, facility copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (f) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 13
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 14
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 15
 WE WILL NOT lay off employees, and refuse to recall them, because of their union activities, or other protected concerted activities, or because they gave testimony under the Act.
 
 
 16
 WE WILL NOT threaten employees with bodily harm, closure, loss of employment, loss of pay and other reprisals and actions if the employees opt for union representation, or otherwise engage in union activities; interrogate employees about the Union; solicit employees to testify falsely; direct employees to avoid being subpoenaed to testify in Board proceedings and give specific instructions regarding the avoidance of service of subpoenas; direct employees to keep away from, and not talk to, representatives of the Union.
 
 
 17
 WE WILL NOT in any like or related manner, interfere with, restrain or coerce employees in the exercise of their rights under the Act.
 
 
 18
 WE WILL offer to James Statler, Mark Lambrecht, Jamie Wymer and Michael Wymer immediate and full reinstatement to their former positions or, if those positions no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges and WE WILL make them whole for any loss of earnings and other benefits resulting from the discrimination against them, less any net interim earnings, plus interest.
 
 
 19
 WE WILL expunge from our files any references to the August, 1992, layoffs, of Statler and Lambrecht, and the January, 1993, layoffs, of the Wymers, and notify the affected employees, in writing, that this has been done.
 
 JAMES DINE, A Sole Proprietor d/b/a
 JIM DINE PAINTING and DINE'S PAINTING
 
 20
 (Employer)
 
 Dated ________
 By ____________________
 
 21
 (Representative) (Title)
 
 
 22
 This is an official notice and must not be defaced by anyone.
 
 
 23
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced or covered with any other material. Any questions concerning this notice, or compliance with its provisions, may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.