107 F.3d 871
 156 L.R.R.M. (BNA) 2480
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
M & V PAINTING, INC.; Piper Painting, Inc.; Vic Piper, an
individual; Michael B. Piper, an individual,
doing business as Mike Piper Painting, a
single employer, Respondents.
 No. 97-5124.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1997.
 
 Before: WELLFORD, BOGGS, and SILER, Circuit Judges.
 
 SUPPLEMENTAL JUDGMENT
 
 1
 In a judgment entered on February 3, 1995, this court granted summary enforcement of a decision and order of the National Labor Relations Board (the "Board") finding the respondent had violated federal labor law and directing the respondent to take certain remedial steps stated therein. Among the ordered remedial steps was the reinstatement of six discharged employees with the requirement that they be made whole for losses incurred as a result of the respondent's violations. NLRB v. M & V Painting, Inc., et al., No. 94-6532, 1995 WL 45652 (6th Cir. Feb. 3, 1995) (unpublished).
 
 
 2
 Thereafter, the Regional Director of Region 7 issued a compliance specification alleging the amount of backpay due the employees under the Board's decision and order. The respondent filed answers to the compliance specification, but then withdrew such answers by letter of July 9, 1996. General Counsel then moved for summary enforcement before the Board. The respondents having not responded to that motion, the Board issued a decision and order on September 5, 1996 adopting the amounts of backpay set forth in the compliance specification. The Board also found that the above respondents constituted alter egos and a single employer for purposes of liability.
 
 
 3
 The Board now applies to this court for summary enforcement of its September 5, 1996 decision and order. The respondent has not filed an answer to the Board's application or otherwise made an appearance before this court. Under these circumstances, we conclude that summary enforcement of the Board's supplemental decision and order is warranted. See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board ... shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 4
 It therefore is ORDERED that the Board's decision and order of September 5, 1996 in Case Nos. 7-CA-34567(1) and 7-CA-34567(2) is hereby enforced. The respondents M & V Painting, Inc., Piper Painting, Inc., Vic Piper, an individual, and Michael B. Piper, an individual d/b/a Mike Piper Painting, a single employer, Port Huron, Michigan, their officers, agents, successors, and assigns, shall make whole the individuals named below by paying them the amounts following their names, plus interest to be computed in the manner prescribed in New Horizons for the Retarded, 283 N.L.R.B. 1173 (1987), minus tax withholdings required by Federal and state laws:
 
 
 5
 Robert D. Halliday, Sr. $ 77,851.72
Robert D. Halliday, Jr. 53,378.99
Howard Quant 56,531.32
Benjamin Ward 22,025.62
Robert Ward 49,907.66
Francis Frazer 95,089.00
TOTAL $354,784.31