## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## TEC ELECTRIC, INC., Respondent.

### No. 01–1514.

United States Court of Appeals, Sixth Circuit.

July 16, 2001.

Before BOGGS, NORRIS, and BATCHELDER, Circuit Judges.

### SUPPLEMENTAL JUDGMENT

In 1997, the National Labor Relations Board (the "Board") issued a decision and order finding the respondent had violated federal labor law by refusing to hire applicants because of anti-union sentiment, refusing to reinstate a striking employee, and threatening to cease operations rather than accept unionization of its employees. On direct review, this court, following full briefing and oral argument, granted enforcement of that decision and order *NLRB v. TEC Electric, Inc.*, Nos. 98–5648

5748, 1999 WL 623678, 187 F.3d 637 (6th Cir. Aug.10, 1999) (unpublished per curiam). As a result of that judgment, the respondent was required, *inter alia*, to make employees whole for any losses suffered as a result of the above violations.

The Regional Director issued a compliance specification and notice of hearing which addressed the amount of backpay and/or benefits due three employees. A hearing was held before an administrative law judge ("ALJ") who issued a supplemental decision on November 7, 2000, setting forth the amounts of such backpay and/or benefits. The respondent did not file exceptions to that decision and the Board issued a supplemental order on January 18, 2001, adopting the ALJ's decision.

The Board now applies to this court for entry of a supplemental judgment enforcing its supplemental order. We conclude the Board is entitled to the relief sought. *See NLRB v. Tri–State Warehouse & Distributing, Inc.*, 677 F.2d 31 (6th Cir.1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board). *NLRB v. Innkeepers of Ohio, Inc.*, 596 F.2d 177 (6th Cir.1979) (order). The respondent, who has not filed an answer to the Board's application or otherwise made an appearance before this court, has failed to show any exceptional circumstances excusing its failure to file exceptions with the Board.

It therefore is ORDERED that the Board's January 18, 2001, decision and order in Case Nos. 7–CA–37612, 7–CA–37980, and 7–CA–38107 is hereby enforced. The respondent, TEC Electric, Inc., of Owosso, Michigan, its officers, agents, successors and assigns, shall make payments in the manner described below, plus interest,[1] minus tax withholdings on the backpay due to the employees as required by federal and state laws.

| | |
|---|---|
| Leenhout's backpay | $ 30,130.24 |
| Bruesch's backpay | $ 26,331.43 |
| Breusch's medical expenses | $ 1,250.00 |
| Fryling's backpay | $ 476.60 |
| TOTAL | $ 58,188.27 |

---

1. *See New Horizons for the Retarded,* 283     N.L.R.B. 1173 (1987).