**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MAYS PRINTING CO., Respondent.**

No. 09–2036.

United States Court of Appeals,
Sixth Circuit.

Nov. 2, 2009.

Before: BATCHELDER, Chief Judge;
SILER and GIBBONS, Circuit Judges.

*JUDGMENT*

The National Labor Relations Board (the "Board") applies for summary enforcement of its May 29, 2009 decision and order in Case No. 7–CA–51544 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent failed to file a timely answer to the unfair labor practices charges and the Board entered a default judgment against it. The respondent failed to file a timely answer to the application for summary enforcement. Under these circumstances, we conclude the Board is entitled to the relief sought. *See NLRB v. Tri–State Warehouse & Distrib., Inc.,* 677 F.2d 31 (6th Cir.1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); *NLRB v. Innkeepers of Ohio, Inc.,* 596 F.2d 177 (6th Cir.1979) (order).

It therefore is **ORDERED** and **ADJUDGED** that the Board's May 29, 2009 decision and order in Case No. 7–CA–51544 is hereby enforced. The respondent, Mays Printing Co., its officers, agents, successors and assigns, shall abide by and perform the directions of the Board set forth in such order. (See Attached Order and Appendix.)

The mandate shall issue forthwith.

**ORDER**

Mays Printing Company, Inc., Detroit, Michigan, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Failing and refusing to bargain with Local 2/289–M, Graphic Communications Conference District Council 3, International Brotherhood of Teamsters as the exclusive collective-bargaining representative of the employees in the following appropriate unit, by failing to continue in effect the health insurance benefits described in the 2007–2010

collective-bargaining agreement, unilaterally implementing a reduction in unit employees' wages, and bypassing the Union and dealing directly with unit employees on the subject of employees' wages. The appropriate unit is:

All full-time and regular part-time designers, strippers, press employees, bindery employees, operators and production employees employed by Respondent at its facility located at 15800 Livernois Avenue, Detroit, Michigan, but excluding all other employees such as office clerical, managers, and guards and supervisors as defined in the Act.

(b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Continue in effect the health insurance benefits described in the 2007–2010 collective-bargaining agreement.

(b) Make all required health insurance benefit fund payments or contributions that have not been made since about July 2008, and reimburse unit employees for any expenses resulting from its unlawful failure to continue their health care benefits, with interest, in the manner set forth in the remedy section of the Board's May 29, 2009 Decision and Order reported at 354 NLRB No. 23.

(c) Rescind the unilateral reduction in employees' wages implemented on October 1, 2008, and restore the status quo that existed prior to that reduction, until the Respondent bargains with the Union in good faith to an agreement or an impasse.

(d) Make whole the unit employees for any loss of earnings and benefits suffered as a result of the unilateral reduction in wages, with interest, in the manner set forth in the remedy section of this decision.

(e) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amounts of backpay due under the terms of this Order.

(f) Within 14 days after service by the Region, post at its facility in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the Respondent has gone out of business or closed the facility involved in' these proceedings, the Respondent shall duplicate and mail, at its own ex-

pense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since July 2008.

(g) Within 21 days after service the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

## APPENDIX

### NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

**FEDERAL LAW GIVES YOU THE RIGHT TO**

Form, join, or assist a union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit and protection

Choose not to engage in any of these protected activities.

WE WILL NOT fail and refuse to bargain with Local 2/289–M, Graphic Communications Conference District Council 3, International Brotherhood of Teamsters as the exclusive collective-bargaining representative of the employees in the following appropriate unit, by failing to continue in effect the health insurance benefits described in our 2007–2010 collective-bargaining agreement with the Union, unilat-

erally implementing a reduction in unit employees' wages, and bypassing the Union and dealing directly with unit employees on the subject of employees' wages. The appropriate unit is:

All full-time and regular part-time designers, strippers, press employees, bindery employees, operators and production employees employed by us at our facility located at 15800 Livernois Avenue, Detroit, Michigan, but excluding all other employees such as office clerical, managers, and guards and supervisors as defined in the Act.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL continue in effect the health insurance benefits described in the 2007–2010 collective-bargaining agreement.

WE WILL make all required health insurance benefit fund payments or contributions that have not been made since about July 2008, and reimburse unit employees for any expenses resulting from our unlawful failure to continue their health insurance benefits, with interest.

WE WILL rescind the unilateral reduction in employees' wages implemented on October 1, 2008, and restore the status quo that existed prior to the unilateral changes, until we bargain with the Union in good faith to an agreement or an impasse.

WE WILL make the unit employees whole, with interest, for any loss of earnings and benefits suffered as a result of the unilateral reduction in wages.

MAYS PRINTING COMPANY, INC.