**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TRI–STATE WAREHOUSE & DISTRIBUTING, INC. and Public Warehousing Corporation, Respondents.**

No. 80–1724.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs April 16, 1982.

Decided April 30, 1982.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

J. Michael Fischer, Ennis & Roberts, Cincinnati, Ohio, for respondents.

Before MERRITT and JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

## ORDER

This matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the briefs and records, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

The National Labor Relations Board (Board) has applied to this Court for summary entry of a judgment enforcing its order against the respondents, Tri-State Warehouse & Distributing, Inc., and Public Warehousing Corporation. On May 28, 1980, the Administrative Law Judge (ALJ), issued his decision finding that the respondents had violated Section 8(a)(5), (3) and (1) of the National Labor Relations Act (Act). The decision and accompanying order was immediately mailed to respondents. The order stated:

> Exceptions to the Decision of the Administrative Law Judge in this proceeding must be received by the Board in Washington, D. C. on or before June 20, 1980.

The respondents sent a telegram to the Board indicating their intent to file exceptions, however, no exceptions were filed within the time period. Section 10(c) of the Act, 29 U.S.C. § 160(c) provides in pertinent part:

> ... If no exceptions are filed within twenty days thereof upon such parties or within such further period as the Board may authorize, such recommended order shall become effective as therein prescribed.

Section 10(e) of the Act provides that:

> ... No objection that has not been urged before the Board, its members, agent or

agency shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances . . .

This Court has held that Sections 10(c) and 10(e) of the Act prohibit the consideration of objections to a Board order not filed with the Board unless extraordinary circumstances exist to excuse respondent's neglect. *NLRB v. Innkeepers of Ohio, Inc.,* 596 F.2d 177, 178 (6th Cir. 1979). Respondents contend that extraordinary circumstances exist in this case since they were not represented by counsel at the time the decision was received. They do not dispute the Board's contention that they were represented by counsel in proceedings before the ALJ, nor is difficulty in obtaining counsel for pecuniary or other reasons alleged by respondents. Respondents do not dispute that the decision to forego the services of counsel was their own. In this setting, we perceive no extraordinary circumstances excusing the failure to timely file. *See NLRB v. Ferraro's Bakery, Inc.,* 353 F.2d 366 (6th Cir. 1965).

Since the respondents did not make a timely challenge to the Board's findings, those findings are entitled to summary enforcement. *Detroit Edison Co. v. NLRB,* 440 U.S. 301, 311 & n. 10, 99 S.Ct. 1123, 1129 & n. 10, 59 L.Ed.2d 333 (1979). *NLRB v. M&B Contracting Co.,* 653 F.2d 245, 246 (6th Cir. 1981).

It is therefore ORDERED that the Board's order be enforced pursuant to Rule 9(d)3, Rules of the Sixth Circuit.