68 F.3d 475
 151 L.R.R.M. (BNA) 2608
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CARPENTRY CONTRACTORS, INC., Respondent.
 No. 95-5964.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1995.
 
 Before: CONTIE, NELSON, and RYAN, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its March 31, 1995, decision and order in Case No. 7-CA-35375 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. Although the respondent appeared at the trial before the Administrative Law Judge (the "ALJ"), it did not file exceptions with the Board from the ALJ's decision. Likewise, it has not filed a response to the Board's application to this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir.1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order).
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-35375 is hereby enforced. The respondent, Carpentry Contractors, Inc., its officers, agents, successors and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to pay contractually required wages to unit employees.
 
 
 4
 (b) Failing and refusing to make contractually mandated contributions on behalf of employees to fringe benefit trust funds.
 
 
 5
 (c) Failing and refusing to remit, to the depository of the fringe benefit trust funds, working dues assessments which respondent is contractually required to deduct and remit.
 
 
 6
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 8
 (a) Honor any renewal of or successor to respondent's 1993-1994 collective bargaining agreement with Local No. 1234, United Brotherhood of Carpenters and Joiners of America, AFL-CIO.
 
 
 9
 (b) In the manner set forth in that part of the ALJ's decision entitled "The Remedy:"
 
 
 10
 (1) Make Jerome Dykas, Michael Gumina, and all other employees whole for any loss of wages they may have suffered by reason of respondent's failure to pay them contractually prescribed wages.
 
 
 11
 (2) Make Michael Gumina and all other employees whole for any losses they may have suffered by reason of respondent's failure to make contractually prescribed payments into various funds.
 
 
 12
 (3) Make all contributions to the trust funds that have not been paid and that would have been paid in the absence of respondent's unlawful discontinuance of the payments.
 
 
 13
 (4) Remit to the depository of the fringe benefit trust funds those portions of the "working dues assessments" which respondent was contractually required to deduct and remit but did not.
 
 
 14
 (c) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary for or useful in analyzing the amount of payment due under the terms of this judgment.
 
 
 15
 (d) In the manner prescribed in that part of ALJ's decision entitled "The Remedy," post or mail copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 16
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 17
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 18
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 19
 After a hearing during which all parties had the chance to present evidence and state their positions, it has been found that we have violated the National Labor Relations Act in certain respects. The National Labor Relations Board has ordered us to post this notice and abide by its provisions.
 
 
 20
 WE WILL NOT fail or refuse to pay unit employees the wages which are required by a collective-bargaining agreement.
 
 
 21
 WE WILL NOT fail or refuse to make to fringe benefit trust funds the contributions on behalf of employees which are required by a collective-bargaining agreement.
 
 
 22
 WE WILL NOT fail or refuse to remit, to the depository of the fringe benefit funds, working dues assessments which we are contractually required to deduct and remit.
 
 
 23
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of your rights under Section 7 of the Act.
 
 
 24
 WE WILL honor any renewal of or successor to our 1993-1994 collective-bargaining agreement with Local 1234, United Brotherhood of Carpenters and Joiners of America, AFL-CIO.
 
 
 25
 WE WILL make Jerome Dykas, Michael Gumina, and all other employees whole, with interest, for any loss of wages they may have suffered by reason of our failure to pay them contractually prescribed wages.
 
 
 26
 WE WILL make Michael Gumina and all other employees whole, with interest, for any losses they may have suffered by reason of our failure to make contractually prescribed payments into various trust funds. Losses for which we will make employees whole include, but are not limited to, contributions such employees may have made for the maintenance of the funds; premiums such employees may have paid to third party insurance companies to continue medical coverage which would have been given to such employees if contractually required payments had been made by us; and payments made by such employees directly to health care providers for goods and services which would have been included under medical coverage the employees would have received if contractually required payments had been made by us.
 
 
 27
 WE WILL pay to the depository of the fringe benefit trust funds, with interest, those portions of the working dues assessments which we were contractually required to deduct and remit but did not.
 
 
 28
 CARPENTRY CONTRACTORS, INC.
 (Employer)
 Dated ______
 By ____________________________
 (Representative) (Title)
 
 
 29
 This is an official notice and must not be defaced by anyone.
 
 
 30
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3244.