70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
DETROIT PAINTING CORP., Respondent.
 No. 95-5960.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1995.
 
 Before: WELLFORD, NELSON, and SUHRHEINRICH, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its April 25, 1995, decision and order in Case Nos. 7-CA-34751(1) and 7-CA-34751(2) in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. Although the respondent appeared at the trial before the Administrative Law Judge (the "ALJ"), it did not file exceptions with the Board from the ALJ's decision. Likewise, it has not filed a response to the Board's application to this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir.1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order).
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case Nos. 7-CA-34751(1) and 7-CA-34751(2) is hereby enforced. The respondent, Detroit Painting Corp., its officers, agents, successors and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Unlawfully discharging or failing to employ any employee because of their union activities or in retaliation for their engaging in union activities or other protected concerted activity.
 
 
 4
 (b) Interfering with, restraining or coercing its employees and the rights guaranteed in Section 7 of the National Labor Relations Act (the "Act") by attempting to induce them to refrain from discussing wages, and terms and conditions of employment with their union business agent or by making work contingent upon their not doing so.
 
 
 5
 (c) Threatening employees with discharge or loss of work should they contact or talk to their union business agent or engage in any other protected concerted activity.
 
 
 6
 (d) Threatening employees with discharge or loss of work should they disclose to their business agent that they are being paid contrary to the wage provision set forth in their collective bargaining agreement.
 
 
 7
 (e) In any like or related manner interfering with, restraining, or coercing employees in the exercise of rights guaranteed them by Section 7 of the Act.
 
 
 8
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 9
 (a) Offer Michael Potter and James Potter immediate and full reinstatement and make them whole for the losses they incurred as a result of the discrimination against them in the manner specified or described in the section of the ALJ's decision entitled "The Remedy" and expunge from its files any references to their discharges.
 
 
 10
 (b) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 11
 (c) Post at its current place of business copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (d) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 POSTED PURSUANT TO A JUDGMENT
 OF THE UNITED STATES COURT OF APPEALS
 ENFORCING AN ORDER OF
 THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 13
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 14
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 15
 To bargain collectively through representatives of their own choice
 
 
 16
 To act together for other mutual aid or protection
 
 
 17
 To choose not to engage in any of these protected concerted activities.
 
 
 18
 WE WILL NOT attempt to induce our employees to refrain from discussing wages, hours and terms and conditions of employment with their Union business agents, or to make work contingent upon not doing so.
 
 
 19
 WE WILL NOT threaten employees with discharge or loss of work should they contact or talk to their union business agent or engage in any other protected concerted activities.
 
 
 20
 WE WILL NOT threaten employees with discharge or loss of work should they disclose to their business agent that they are being paid contrary to the wage provisions set forth in the collective bargaining agreements with the labor organization in whose jurisdictions employees are working.
 
 
 21
 WE WILL NOT discharge employees for asserting their rights as embodied in collective bargaining agreements with the labor organization in whose jurisdictions employees are working.
 
 
 22
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 23
 WE WILL OFFER Michael K. Potter and James A. Potter immediate and full reinstatement and make them whole for any losses they incurred as a result of the discrimination against them, in the manner specified in the Administrative Law Judges Decision under the section entitled "The Remedy" and expunge from our files any reference to their termination and notify them in writing that this has been done and that evidence of the unlawful termination will not be used as a basis for future personnel actions against them.
 
 
 24
 DETROIT PAINTING CORP.
 
 
 25
 (Employer)
 
 Dated __________
 By ____________________________________
 
 26
 (Representative) (Title)
 
 
 27
 This is an official notice and must not be defaced by anyone.
 
 
 28
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.