81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SCHULTE METAL FINISHING, INC., Respondent.
 No. 96-5113.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1996.
 
 Before: LIVELY, KRUPANSKY, and MOORE, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its August 24, 1995, decision and order in Cases No. 9-CA-29758, 9-CA-30638, 9-CA-31268, and 9-CA-31980 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. Although the respondent appeared at the trial before the Administrative Law Judge (the "ALJ"), it did not file exceptions with the Board from the ALJ's decision. Likewise, it has not filed a response to the Board's application to this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir.1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order).
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Cases No. 9-CA-29758, 9-CA-30638, 9-CA-31268, and 9-CA-31980 is hereby enforced. The respondent, Schulte Metal Finishing, Inc., its officers, agents, successors and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Threatening employees with discharge because of their activities for or on behalf of Local Lodge 789, District Lodge 34 of the International Association of Machinists and Aerospace Workers, AFL-CIO-CLC (the "Union").
 
 
 4
 (b) Informing unit employees that they are not represented by the Union.
 
 
 5
 (c) Preventing any employee from receiving sickness benefits because of the employee's Union activities.
 
 
 6
 (d) Making regressive bargaining proposals to the Union.
 
 
 7
 (e) Bypassing the Union and dealing directly with employees concerning employee grievances and the negotiation of a collective bargaining agreement.
 
 
 8
 (f) Refusing to process a grievance.
 
 
 9
 (g) Insisting as a condition of reaching a collective bargaining agreement that (i) the Union accept regressive bargaining proposals, (ii) certain job descriptions be deleted from the recognized unit description, (iii) employees in the unit vote to determine whether they wish to continue to be represented by the Union, or (iv) the Union withdraw unfair labor practice charges against the respondent.
 
 
 10
 (h) Unilaterally modifying its sickness benefits policy.
 
 
 11
 (i) In any like or related manner interfering with, restraining, or coercing employees in the exercise of rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").
 
 
 12
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 13
 (a) Upon request, bargain collectively with the Union as the exclusive representative of the employees in the following appropriate unit with respect to pay, wages, hours of employment and other conditions of employment:
 
 
 14
 All production and maintenance employees in the machine department, assembly and packing department including shipping and receiving, excluding all employees of the polishing-buffing and plating-coating departments, all office and clerical employees, forepersons, assistant forepersons, and all professional employees, guards, watchpersons, and supervisors as defined in the Act, as amended.
 
 
 15
 (b) Make whole, to the extent it has not already done so, any employees who have suffered a loss of pay or benefits by reason of its discrimination against them or its unilateral modification of its sickness benefits policy, plus interest, in the manner set forth in the "Remedy" section of the ALJ's decision.
 
 
 16
 (c) On request, make available to the Board or its agents for examination and copying all payroll and other records necessary to a determination of the amounts of backpay due under the preceding paragraph.
 
 
 17
 (d) Post at its plant in Cincinnati, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9 of the National Labor Relations Board (Cincinnati, Ohio), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 18
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 
 19
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 20
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 21
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 22
 WE WILL NOT threaten you with discharge because of your activities for or on behalf of Local Lodge 789, District Lodge 34 of the International Association of Machinists and Aerospace Workers, AFL-CIO-CLC.
 
 
 23
 WE WILL NOT inform you that you are not represented by Local Lodge 789, District Lodge 34 of the International Association of Machinists and Aerospace Workers, AFL-CIO-CLC.
 
 
 24
 WE WILL NOT prevent you from receiving sickness benefits because of your activities for or on behalf of Local Lodge 789, District Lodge 34 of the International Association of Machinists and Aerospace Workers, AFL-CIO-CLC.
 
 
 25
 WE WILL NOT refuse to process your grievances.
 
 
 26
 WE WILL NOT unilaterally modify our sickness benefits policy.
 
 
 27
 WE WILL NOT bypass Local Lodge 789, District Lodge 34 of the International Association of Machinists and Aerospace Workers, AFL-CIO-CLC and deal directly with you concerning the negotiation of a collective bargaining agreement.
 
 
 28
 We WILL NOT bypass Local Lodge 789, District Lodge 34 of the International Association of Machinists and Aerospace Workers, AFL-CIO-CLC and deal directly with you concerning employee grievances.
 
 
 29
 WE WILL NOT make regressive bargaining proposals to Local Lodge 789, District Lodge 34 of the International Association of Machinists and Aerospace Workers, AFL-CIO-CLC.
 
 
 30
 WE WILL NOT insist as a condition of reaching a collective bargaining agreement with Local Lodge 789, District Lodge 34 of the International Association of Machinists and Aerospace Workers, AFL-CIO-CLC, that the Union accept regressive bargaining proposals.
 
 
 31
 WE WILL NOT insist as a condition of reaching a collective bargaining agreement with Local Lodge 789, District Lodge 34 of the International Association of Machinists and Aerospace Workers, AFL-CIO-CLC, that certain job descriptions be deleted from the recognized unit description.
 
 
 32
 WE WILL NOT insist as a condition of reaching a collective bargaining agreement with Local Lodge 789, District Lodge 34 of the International Association of Machinists and Aerospace Workers, AFL-CIO-CLC, that you vote to determine whether you wish to continue to be represented by that Union.
 
 
 33
 WE WILL NOT insist as a condition of reaching a collective bargaining agreement with Local Lodge 789, District Lodge 34 of the International Association of Machinists and Aerospace Workers, AFL-CIO-CLC, that the Union withdraw pending unfair labor practice charges against us.
 
 
 34
 WE WILL NOT in any like or related manner interfere with, restrain or coerce you in the exercise of your rights guaranteed by Section 7 of the Act, as amended.
 
 
 35
 WE WILL, upon request, bargain collectively with Local Lodge 789, District Lodge 34 of the International Association of Machinists and Aerospace Workers, AFL-CIO-CLC, as the exclusive representative of employees in the following unit with respect to pay, wages, hours of employment and other conditions of employment:
 
 
 36
 All production and maintenance employees in the machine department, assembly and packing department including shipping and receiving, excluding all employees of the polishing-buffing and plating-coating departments, all office and clerical employees, forepersons, assistant forepersons, and all professional employees, guards, watchpersons, and supervisors as defined in the National Labor Relations Act, as amended.
 
 
 37
 WE WILL make whole, to the extent we have not already done so, any of you who have suffered a loss of pay or benefits by reason of our discrimination against you or our unilateral modification of our sickness benefits policy.
 
 
 38
 SCHULTE METAL FINISHING, INC.
 
 
 39
 /s/ (Employer)
 
 Dated __________
 By __________ (Representative) (Title)
 
 40
 This is an official notice and must not be defaced by anyone.
 
 
 41
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 3003 John Weld Peck Federal Building, 550 Main Street, Cincinnati, Ohio 45202-3271, Telephone (513)-684-3686.