103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
EPPA INDUSTRIES, INC., Respondent.
 No 96-6293.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1996.
 
 NLRB, No. 7-CA-36966.
 NLRB
 ORDER ENFORCED.
 Before: ENGEL, BROWN, and COLE, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its April 17, 1996, order in Case No. 7-CA-36966 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein to correct such violations. Although the respondent appeared at the trial before the Administrative Law Judge (the "ALJ"), it did not file exceptions with the Board from the ALJ's decision. Likewise, it has not filed a response to the Board's application to this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir.1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order).
 
 
 2
 It therefore is ORDERED that the Board's order in Case No. 7-CA-36966 is hereby enforced. The respondent, its officers, agents, successors and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing to pay contractual benefits owed to its employees.
 
 
 4
 (b) Failing to bargain collectively with Local 80, Sheet Metal Workers International Association (the "Union") as the exclusive representative of the employees in the following appropriate unit: all production and maintenance employees of respondent at its Detroit, Michigan facility, but excluding supervisors, office clerical help, watchmen and guards as defined in the National Labor Relations Act (the "Act").
 
 
 5
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:
 
 
 7
 (a) Make unit employees whole by full payment of all contractual benefits owed them as a result of respondent's unilateral change in the terms and conditions of employment, in the manner set forth in the section of the ALJ's decision entitled "Remedy."
 
 
 8
 (b) Post at its Detroit, Michigan facility, if such facility is still in operation, and send to the home address of each laid-off unit employee copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 9
 (c) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 ATTACHMENT
 APPENDIX
 NOTICE TO EMPLOYEES
 POSTED PURSUANT TO A JUDGMENT
 THE UNITED STATES COURT OF APPEALS
 ENFORCING AN ORDER OF THE NATIONAL
 LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 10
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 11
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 12
 To bargain collectively through representatives of their own choice
 
 
 13
 To act together for other mutual aid or protection
 
 
 14
 To choose not to engage in any of these protected concerted activities.
 
 
 15
 WE WILL NOT fail to pay contractual benefits owed to our employees.
 
 
 16
 WE WILL NOT fail to bargain collectively with Local 80, Sheet Metal Workers International Association ("Union") as the exclusive representative of the employees in the following appropriate unit: all production and maintenance employees of Respondent at its Detroit, Michigan facility, but excluding supervisors, office clerical help, watchmen and guards as defined in the Act.
 
 
 17
 WE WILL NOT in any like or related manner interfering with, restraining or coerce our employees in the exercise of their rights guaranteed them by Section 7 of the Act.
 
 
 18
 WE WILL make unit employees whole by full payment of all contractual benefits owed them as a result of our unilateral change in the terms and conditions of employment.
 
 
 19
 EPPA INDUSTRIES, INC.
 
 
 20
 (Employer)
 
 Dated __________ By ____________________
 
 21
 (Representative) (Title)
 
 
 22
 This is an official notice and must not be defaced by anyone.
 
 
 23
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.