107 F.3d 871
 156 L.R.R.M. (BNA) 2480
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
COLUMBIA PORTLAND CEMENT COMPANY, and its successor Midwest
Portland Cement, Respondents.
 No. 96-5733.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1997.
 
 Before: MARTIN, Chief Judge; CONTIE and BOGGS, Circuit Judges.
 
 SUPPLEMENTAL JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its January 16, 1996 supplemental order in Case Nos. 8-CA-18063-3, 8-CA-18117, 8-CA-18207-1, 8-CA-18220-1, 8-CA-18221, 8-CA-18283, 8-CA-18343-1, 8-CA-20252, 8-CA-21398, and 8-CA-21593 in which it determined the amount of backpay due employees pursuant to prior Board decision and orders (enforced by this court) finding unfair labor practices on the part of respondent Columbia Portland Cement Company and directing the payment of such backpay. See Columbia Portland Cement Co. v. NLRB, 915 F.2d 253 (6th Cir.1990); Columbia Portland Cement Co. v. NLRB, 979 F.2d 460 (6th Cir.1992). Although the respondents opposed the backpay compliance specification issued by the Board's Regional Director for Region 21, they did not appear at the hearing before the Administrative Law Judge (the "ALJ") or file exceptions with the Board from the ALJ's supplemental decision. Likewise, they have not filed responses to the Board's present application to this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir.1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order); 29 U.S.C. § 160(e).
 
 
 2
 It therefore is ORDERED that the Board's supplemental order in Case Nos. 8-CA-18063-3, 8-CA-18117, 8-CA-18207-1, 8-CA-18220-1, 8-CA-18221, 8-CA-18283, 8-CA-18343-1, 8-CA-20252, 8-CA-21398, and 8-CA-21593 is hereby enforced. The respondents, Columbia Portland Cement Company and its successor Midwest Portland Cement, their officers, agents, successors and assigns, shall make whole the discriminatees listed in "ATTACHMENT A" of the ALJ's supplemental decision by paying them the amounts set forth opposite their names, with interest in the manner prescribed in New Horizons for the Retarded,[1] less withholdings required by Federal and state laws, any by paying into the pension fund on their behalf the sum of $80,257.00,[2] with interest as prescribed in Merryweather Optical Co., 240 N.L.R.B. 1213 (1979).
 
 
 
 [1]
 283 N.L.R.B. 1173 (1987). Under New Horizons, interest is computed at the "short term Federal rate" for the underpayment of taxes as set out in the 1986 amendment to 26 U.S.C. § 6621. Interest accrued before January 1, 1987 (the effective date of the amendment) shall be computed as prescribed in Florida Steel Corp., 281 N.L.R.B. 651 (1977)
 
 
 [2]
 See GCX-5, amended Appendix B, for a breakdown of the amount owed by calendar quarters