**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FREELAND MANUFACTURING COMPANY, Respondent.**

No. 01–1991.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2001.

Before RYAN, BATCHELDER, and COLE, Circuit Judges.

## JUDGMENT

The National Labor Relations Board (the "Board") applies for summary enforcement of its March 30, 2001, decision and order in Case No. 7–CA–43192 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. Although the respondent filed an answer to the charges against it, it later

withdrew its answer on the grounds it had ceased operations, had laid off all employees, and that a creditor had a secured interest in all of its assets. In the absence of an answer, the Board entered default judgment against the respondent. The respondent has made no appearance before this court and does not contest the Board's application. Under these circumstances, we conclude the Board is entitled to summary enorcement. *See NLRB v. Tri–State Warehouse & Distributing, Inc.,* 677 F.2d 31 (6th Cir.1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); *NLRB v. Innkeepers of Ohio, Inc.,* 596 F.2d 177 (6th Cir. 1979) (order). The fact the respondent may have ceased business operations and may no longer be able to comply with the Board's decision and order is not a bar to enforcement by this court. *NLRB v. Electric Steam Radiator Corp.,* 321 F.2d 733, 738 (6th Cir.1963).

It therefore is ORDERED that the Board's decision and order in Case No. 7–CA–43192 is hereby enforced. The respondent, Freeland Manufacturing Company, Detroit, Michigan, its officers, agents, successors and assigns, shall:

1. Cease and desist from:

(a) Suspending employees for assisting the union or engaging in activities on behalf of the union.

(b) Terminating or otherwise discriminating against employees for assisting the union, or for making references to filing charges with the Board.

(c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").

2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:

(a) Within 14 days from the date of the Board's order, offer Benny Jenkins full reinstatement to his former job, or, if that job no longer exists, to a substantially equivalent position without prejudice to his seniority or any other rights or privileges previously enjoyed.

(b) Make Benny Jenkins whole for any loss of earnings and other benefits suffered as a result of the discrimination against him, with interest, in the manner set forth in the remedy section of the Board's decision and order.

(c) Within 14 days from the date of the Board's order, remove from its files any and all references to the unlawful suspension and termination of Benny Jenkins, and within 3 days thereafter notify him in writing that this has been done, and that the unlawful conduct will not be used against him in any way.

(d) Preserve and, within 14 days of a request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this judgment.

(e) Within 14 days after service by the Region, duplicate and mail, at its own expense and after being signed by the respondent's authorized representative, signed and dated copies of the attached notice marked "Appendix" to the union and to all current and former unit employees employed at any time since February 11, 2000.

(f) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the respondent has taken to comply with this judgment.

## APPENDIX

**NOTICE TO EMPLOYEES MAILED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD**

### An Agency of the United States Government

The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.

Section 7 of the Act gives employees these rights.

To organize

To form, join, or assist any union

To bargain collectively through representatives of their own choice

To act together for other mutual aid or protection

To choose not to engage in any of these protected concerted activities.

WE WILL NOT suspend you for assisting the Union, or engaging in activities on behalf of the Union.

WE WILL NOT terminate or otherwise discriminate against you for assisting the Union, or for making reference to filing charges with the National Labor Relations Board.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL within 14 days from the date of the Board's Order, offer Benny Jenkins full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position without prejudice to his seniority or any other rights or privileges previously enjoyed.

WE WILL make Benny Jenkins whole for any loss of earnings and other benefits suffered as a result of the discrimination against him, with interest.

WE WILL, within 14 days from the date of the Board's Order, remove from our files any and all references to the unlawful suspension and termination of Benny Jenkins, and WE WILL, within 3 days thereafter notify him in writing that this has been done, and that the unlawful conduct will not be used against him in any way.

FREELAND MANUFACTURING COMPANY