**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**COMMERCIAL CABINETS, INC.; Creative Casework, Inc., single employer and/or alter ego, Respondents.**

No. 03–2272.

United States Court of Appeals, Sixth Circuit.

Feb. 9, 2004.

Before: BATCHELDER, GIBBONS, and COOK, Circuit Judges.

## *JUDGMENT*

The National Labor Relations Board (the "Board") applies for enforcement of its January 16, 2003, decision and order in Case No. 7–CA–45023 in which it found (1) that the respondents were alter egos and/or a single employer, and (2) that Creative Casework, Inc. ("Casework") was constituted as a non-union employer in order to avoid the collective bargaining agreement entered into by Commercial Cabinets, Inc. ("Commercial"). The Board ordered the respondents, *inter alia,* to recognize the union as the collective-bargaining representative of their employees, to reinstate certain employees, and to make whole those employees for lost wages and benefits. Although the respondents appeared at the trial before the Administrative Law Judge (the "ALJ"), they did not file exceptions with the Board from the ALJ's decision. As a result, the Board argues it is entitled to summary enforcement of its order. *See NLRB v. Tri–State Warehouse & Distributing, Inc.,* 677 F.2d 31 (6th Cir.1982) (order) (in the absence of

extraordinary circumstances, a Board order is entitled to summary enforcement if no objections are filed with the Board); *NLRB v. Innkeepers of Ohio, Inc.,* 596 F.2d 177 (6th Cir.1979) (order).

In response to the Board's application, the respondents admit the Board is entitled to summary enforcement, but they nonetheless ask this court to delay such relief until such time as the proper amount of lost wages and benefits can be determined for all affected employees. The respondents assert that they have complied with all other provisions of the Board's order. The Board has filed a reply insisting it is entitled to enforcement at this time.

There is no reason for delay in this matter. The Board seeks enforcement of its order finding the respondents have violated federal labor law and requiring the respondents to take certain remedial steps, including reinstatement and the payment of lost wages and benefits, in light of those violations. The issue of the exact amount of lost wages and benefits is subject to further proceedings before the Board and need not be resolved prior to enforcement of the Board's order of January 16, 2003. Under these circumstances the Board is entitled to summary enforcement of that order at this time.[1]

It therefore is ORDERED and ADJUDGED that the Board's decision and order in Case No. 7–CA–45023 is hereby enforced. The respondents, Commercial Cabinets, Inc., and Creative Casework, Inc., single employer and/or alter ego, their officers, agents, successors and assigns, shall abide by the Board's directives in that order. (See Attachments.)

---

**1.** This would be true even if the respondents had already complied with all terms of the Board's order. *See NLRB v. Mexia Textile Mills, Inc.,* 339 U.S. 563, 567, 70 S.Ct. 833,

## ORDER

Respondents Commercial Cabinets, Inc. and Creative Casework, Inc., Fair Haven, Michigan, their officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Failing and refusing to recognize Local 1045, Michigan Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America (the Union), as the exclusive collective-bargaining representative of employees in the following appropriate unit:

> All full-time and regular part-time production and maintenance employees, yard employees, truck drivers, operators, work leaders, and working foremen employed at Respondents' facilities located within the geographic jurisdiction of the Union, but excluding office employees, professional and technical employees, guards, and supervisors as defined in the Act,

(b) Repudiating and refusing to honor the collective-bargaining agreement between Commercial Cabinets, Inc. and the Union, unless and until assent to such agreement is ended pursuant to the terms of the agreement.

(c) Failing and refusing to provide information requested by the Union, where such information is necessary for, and relevant to, the Union's performance of its duties as the collective-bargaining representative of Respondents' unit employees.

(d) Unilaterally laying off employees without providing the Union notice and an opportunity to bargain about the decision

---

94 L.Ed. 1067 (1950); *NLRB v. Edgar Spring, Inc.,* 800 F.2d 595, 598 (6th Cir.1986) (per curiam).

to lay off employees and the effects of that decision.

(e) Laying off unit employees represented by the Union because of their membership in the union and receipt of union wages and benefits under the terms of the collective-bargaining agreement.

(f) Bypassing the Union as the collective-bargaining representative and negotiating directly with unit employees over their wages and other terms and conditions of employment.

(g) In any like or related manner interfering with, restraining, or coercing employees in the exercise of their rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Within 14 days from the date of this Order, offer full reinstatement to unit employees who were laid off on February 11, 2002, and not rehired on or about February 12, 2002, and to unit employees who were laid off on May 7 and 17, 2002, and not thereafter recalled, to their former positions of employment, or if such positions are no longer available, to substantially equivalent positions, without prejudice to any seniority or other rights and privileges previously enjoyed.

(b) Make the unit employees whole for any loss of pay or other benefits suffered as a result of the Respondents' unfair labor practices, in the manner set forth in the remedy section of this decision.

(c) Recognize the Union as the collective-bargaining representative of the employees in the unit and, upon request, meet and bargain in good faith with the Union.

(d) Abide by the terms of the collective-bargaining agreement between Commercial Cabinets, Inc. and the Union.

(e) Upon the Union's request, restore the status quo ante, as it existed prior to February 12, 2002.

(f) Provide to the Union, upon its request, information relevant to the Union's role as collective-bargaining representative of unit employees.

(g) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(h) Within 14 days after service by the Region, post at their facility in Fair Haven, Michigan facility copies of the attached notice marked "Appendix."[1] Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondents' authorized representatives, shall be posted by the Respondents immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondents to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during

---

1. If this Order is enforced by a judgment of the United States court of appeals, the words in the notice reading "POSTED BY ORDER OF THE NATIONAL LABOR RELATIONS BOARD" shall read "POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD."

the pendency of these proceedings, the Respondents have gone out of business or closed the facility involved in these proceedings, the Respondents shall duplicate and mail, at their own expense, a copy of the notice to all current employees and former employees employed by the Respondents at any time since February 11, 2002.

(i) Within 14 days after the service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondents have taken to comply.

APPENDIX

NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join, or assist a union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit and protection

Choose not to engage in any of these protected activities

WE WILL NOT fail and refuse to comply with the collective-bargaining agreement between Commercial Cabinets, Inc. and Interior Systems Local 1045, Michigan Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, covering the following appropriate unit of our employees:

All full-time and regular part-time production and maintenance employees, yards employees, truck drivers, operators, work leaders and working foremen, employed at our facilities located within the geographic jurisdiction of Carpenters Local 1045, excluding office employees, professional and technical employees, guards and supervisors as defined in the Act.

WE WILL NOT lay you off or otherwise discriminate against you because of your membership in, or activities on behalf of, Carpenters Local 1045, or any other labor organization.

WE WILL NOT lay you off without first notifying Carpenters Local 1045 and offering to bargain about the decision and its effects.

WE WILL NOT fail and refuse to provide Carpenters Local 1045 information it has requested that is relevant to its performing its duties as your collective-bargaining representative.

WE WILL NOT bypass Carpenters Local 1045 as your collective-bargaining representative and negotiate directly with you regarding your wages and other terms and conditions of employment.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL within 14 days from the date of this Order, offer full reinstatement to unit employees who were laid off on February 11, 2002, and not rehired on or about February 12, 2002, and to unit employees who were laid off on May 7 and 17, 2002, and not thereafter recalled, to their former positions of employment, or if such posi-

tions are no longer available, to substantially equivalent positions, without prejudice to any seniority or other rights and privileges previously enjoyed.

WE WILL make unit employees whole for any loss of pay or other benefits suffered as a result of our unfair labor practices.

WE WILL recognize Carpenters Local 1045 as the exclusive collective-bargaining representative of unit employees and, upon request, meet and bargain in good faith with Carpenters Local 1045.

WE WILL abide by the terms of the collective-bargaining agreement between Commercial Cabinets, Inc. and Carpenters Local 1045.

WE WILL upon Carpenters Local 1045's request, restore the status quo ante as it existed prior to February 12, 2002.

WE WILL provide to Carpenters Local 1045, upon its request, information relevant to its role as collective-bargaining representative of unit employees.

COMMERCIAL CABINETS, INC.,
CREATIVE CASEWORK, INC.,
SINGLE EMPLOYER AND/OR ALTER EGO

_____
(Employer)

Dated_____By_____
(Representative)          (Title)

The National Labor Relations Board is an independent Federal agency created in 1935 to enforce the National Labor Relations Act. It conducts secret-ballot elections to determine whether employees want union representation and it investigates and remedies unfair labor practices by employers and unions. To find out more about your rights under the Act and how to file a charge or election petition, you may speak confidentially to any agent with the Board's Regional Office set forth below. You may also obtain information from the Board's website: *www.nlrb.gov.*

477 Michigan Avenue, Federal Building, Room 300, Detroit, MI 48226–2569 (313) 226–3200, Hours: 8:15 a.m. to 4:45 p.m.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

THIS NOTICE MUST REMAIN POSTED FOR 60 CONSECUTIVE DAYS FROM THE DATE OF POSTING AND MUST NOT BE ALTERED, DEFACED, OR COVERED BY ANY OTHER MATERIAL. ANY QUESTIONS CONCERNING THIS NOTICE OR COMPLIANCE WITH ITS PROVISIONS MAY BE DIRECTED TO THE ABOVE REGIONAL OFFICE'S COMPLIANCE OFFICER, (313) 226–3244.