## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## GAUKLER STORAGE COMPANY, Respondent.

No. 03–2464.

United States Court of Appeals, Sixth Circuit.

Feb. 10, 2004.

Aileen A. Armstrong, Dep. Asso. Gen. Counsel, Linda Dreeben, National Labor Relations Board, Appellate Court Branch, Washington, DC, for Petitioner.

Gaukler Storage Company, pro se, Attn: Gene and Steven Stanley, Pontiac, MI, for Respondent.

Before KENNEDY, DAUGHTREY, and COLE, Circuit Judges.

## JUDGMENT

The National Labor Relations Board (the "Board") applies for summary enforcement of its November 8, 2002, decision and order in Case No. 7–CA–44733 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. Although the respondent appeared at the trial before the Administrative Law Judge (the "ALJ"), it did not file exceptions with the Board from the ALJ's decision. Likewise, it has not filed a response to the Board's application to this court. Under these circumstances, we conclude the Board is entitled to the relief sought. *See NLRB v. Tri–State Warehouse & Distributing, Inc.,* 677 F.2d 31 (6th Cir.1982) (order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); *NLRB v. Innkeepers of Ohio, Inc.,* 596 F.2d 177 (6th Cir.1979) (order).

It therefore is ORDERED and ADJUDGED that the Board's decision and order in Case No. 7–CA–44733 is hereby enforced. The respondent, Gaukler Storage Company, its officers, agents, successors and assigns, shall abide by the provisions set forth in said decision and order. (See Attachments).

## ORDER

The Respondent, Gaukler Storage Company, of Pontiac, Michigan, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Discouraging protected concerted activities of its employees in violation of Section 8(a)(1) of the Act by discharging or otherwise interfering with its employees for engaging in a lawful work stoppage.

(b) In any like or related manner interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action to effectuate the policies of the Act.

(a) Within 14 days from the date of this Order, offer Brett Hebda, Curtis Medlock, James Price, and Eugene Wiley full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed. If not already done, within 14 days from the date of this Order, offer Bennie Jones and James Kastelic full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed.

(b) Make Brett Hebda, Bennie Jones, James Kastelic, Curtis Medlock, James Price, and Eugene Wiley whole for any loss of earnings and other benefits suffered as a result of the discrimination against them, in the manner set forth in the remedy section of this decision.

(c) Within 14 days from the date of this Order, remove from its files any reference to the unlawful discharges, and within 3 days thereafter notify the employees in writing that this has been done and that the discharges will not be used against them in any way.

(d) Preserve and, within 14 days of a request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of the records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(e) Within 14 days after service by the Region, post at its facility in Pontiac,

Michigan, copies of the attached notice marked "Appendix."[1] Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the Respondent has gone out of business or closed its facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since January 12, 2002.

(f) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

## APPENDIX

### NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and abide by this notice.

### FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join or assist a union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit and protection

Choose not to engage in any of these protected activities.

WE WILL NOT discharge or otherwise interfere with, restrain, or coerce Brett Hebda, Bennie Jones, James Kastelic, Curtis Medlock, James Price, Eugene Wiley, or any other employee for engaging in concerted activity for mutual aid or protection of employees.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce any employee in the exercise of the rights guaranteed by Federal labor law.

WE WILL, within 14 days from the date of the Board's Order, offer Brett Hebda, Bennie Jones, James Kastelic, Curtis Medlock, James Price, and Eugene Wiley full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed.

WE WILL make Brett Hebda, Bennie Jones, James Kastelic, Curtis Medlock, James Price, and Eugene Wiley whole for any loss of earnings and other benefits

---

1. If this Order is enforced by a Judgment of the United States Court of Appeals, the words in the notice reading "POSTED BY ORDER OF THE NATIONAL LABOR RELATIONS BOARD" shall read "POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD."

resulting from their discharge, less any net interim earnings, plus interest.

WE WILL, within 14 days from the date of the Board's Order, remove from our files any reference to the unlawful discharges of Brett Hebda, Bennie Jones, James Kastelic, Curtis Medlock, James Price, and Eugene Wiley, and WE WILL, within 3 days thereafter, notify each of them in writing that this has been done and that the discharges will not be used against them in any way.

<u>GAUKLER STORAGE COMPANY</u>

(Employer)

Dated _____ By_____

(Representative)          (Title)

The National Labor Relations Board is an independent Federal agency created in 1935 to enforce the National Labor Relations Act. It conducts secret-ballot elections to determine whether employees want union representation and it investigates and remedies unfair labor practices by employers and unions. To find out more about your rights under the Act and how to file a charge or election petition, you may speak confidentially to any agent with the Board's Regional Office set forth below. You may also obtain information from the Board's website: *www.nlrb.gov.*

477 Michigan Avenue, Room 300, Detroit, MI 48226–2569

(313) 226–3200, Hours: 8:15 a.m. to 4:45 p.m.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the above Regional Office's Compliance Officer (313–226–3244).