NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

GEM MANAGEMENT COMPANY, Respondent.

No. 04–1908.

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

Aileen A. Armstrong, Dep. Asso. Gen. Counsel, Linda Dreeben, National Labor Relations Board, Washington, DC, for Petitioner.

Thomas H. Weiss, William M. McClintic, Mt. Pleasant, MI, for Respondent.

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

### JUDGMENT

The National Labor Relations Board (the "Board") applies for summary enforcement of its June 30, 2003, decision and order in Case No. 7–CA–44509 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. Although the respondent appeared at the trial before the Administrative Law Judge (the "ALJ"), it did not file exceptions with the Board from the ALJ's decision. Under these circumstances, the Board is entitled to the relief sought. *See NLRB v. Tri–State Warehouse & Distributing, Inc.,* 677 F.2d 31 (6th Cir.1982) (or-

der) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); *NLRB v. Innkeepers of Ohio, Inc.*, 596 F.2d 177 (6th Cir.1979) (order). The respondent has also filed a reply, conceding the Board's entitlement to summary enforcement, but reserving a right to challenge the amount of monetary remedies in subsequent administrative proceedings.

It therefore is **ORDERED** and **ADJUDGED** that the Board's decision and order in Case No. 7–CA–44509 is hereby enforced. The respondent, Gem Management Company, its officers, agents, successors and assigns, shall abide by the provisions of said decision and order. (See Attachments.)

### ORDER

The Respondent, Gem Management Company, Inc., of Clare, Michigan, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Withdrawing recognition from Local 67, Operative Plasterers' and Cement Masons' International Association, AFL–CIO (Plasterers 67) during the term of the collective-bargaining agreement between Plasterers 67 and Architectural Contractors Association (ACT), with effective dates of June 1, 2000, through May 31, 2003, (the 2000 ACT agreement) and during the term of any other agreement to which we are bound with Plasterers 67, absent timely notice to that union.

(b) Failing to apply the terms of the 2000 ACT agreement and refusing to recognize Plasterers 67 as the employee representative in the following appropriate unit:

All full-time and regular part-time journeymen and apprentice plasterers doing work described in Article IX, Section 2, of the 2000 ACT agreement employed by Respondent at its job-sites located within the Michigan counties of Wayne, Oak-land, Lapeer, Macomb, and St. Clair counties.

(c) Paying fringe benefits to Bricklayers' and Allied Crafts-workers' Local Union No. 9, International Union of Bricklayers and Allied Craftsworkers, AFL–CIO (Bricklayers 9)'s contractual benefit funds and soliciting Bricklayers 9 to sign up employees for work at jobsites covered by Plasterers 67's collective-bargaining agreement and where Bricklayers 9 does not have a collective bargaining agreement.

(d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Honor the terms of the 2000 ACT agreement during the term of the agreement and any automatic renewal or extension of it, including by paying contractually required wages and fringe benefits.

(b) Make whole, with interest, the unit employees for any loss of wages and other benefits they may have suffered as a result of its failure to abide by the 2000 ACT agreement, and any automatic renewal or extension of it, since May 1, 2001, as set forth in the remedy section of the judge's decision.

(c) Make all contractually required fringe benefit fund contributions, if any, that have not been made on behalf of unit employees since May 1, 2001, and reimburse unit employees for expenses ensuing from its failure to make the required payments in the manner set forth in the remedy section of the judge's decision.

(d) Remit to Plasterers 67 the dues that employees through signed checkoffs authorized it to deduct from their wages, together with interest thereon, as provided in the remedy section of the judge's decision.

(e) Make employees whole for all dues and fees paid by employees who performed work for Respondent at the Extended Stay America jobsite in 2001 in Macomb County, Michigan, that were paid to Bricklayers 9 for work falling within the above-described bargaining unit, to the extent that such payments are not shown by Respondent to have been noncoercive.

(f) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment re-cords, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay and other payments due under the terms of this Order.

(g) Within 14 days after service by the Region, post at its current jobsites within the geographical area encompassed by the appropriate unit herein and at its facility in Clare, Michigan copies of the attached notice marked "Appendix." [1] Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Re-

spondent to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since May 1, 2001.

(h) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

APPENDIX

NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated the Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join, or assist a union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit and protection

---

1. If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National Labor Relations Board" shall read "Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

Choose not to engage in any of these protected activities.

WE WILL NOT withdraw recognition from Local 67, Operative Plasterers' and Cement Masons' International Association, AFL–CIO (Plasterers 67) during the term of the collective-bargaining agreement between Plasterers 67 and Architectural Contractors Association (ACT), with effective dates of June 1, 2000, through May 31, 2003 (the 2000 ACT agreement), and during the term of any other agreement to which we are bound with Plasterers 67, absent timely notice to that union.

WE WILL NOT fail to apply the terms of the 2000 ACT agreement or refuse to recognize Plasterers 67 as the employee representative in the following appropriate unit:

All of our full-time and regular part-time journeymen and apprentice plasterers doing work described in Article IX, Section 2, of the 2000 ACT agreement employed at jobsites located in Michigan in Wayne, Oakland, Lapeer, Macomb, and St. Clair counties.

WE WILL NOT pay fringe benefits to the Bricklayers' and Allied Craftsworkers' Local Union No. 9, International Union of Bricklayers and Allied Craftsworkers, AFL–CIO (Bricklayers 9), contractual benefit funds and solicit Bricklayers 9 to sign up employees for work at jobsites covered by Plasterers 67's collective-bargaining agreement and where Bricklayers 9 does not have a collective-bargaining agreement.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL honor the terms of the 2000 ACT agreement during the term of the agreement and any automatic renewal or extension of it, including by paying contractually required wages and fringe benefits.

WE WILL make whole, with interest, the unit employees for any loss of earnings and other benefits they may have suffered as a result of our failure, since May 1, 2001, to abide by the 2000 ACT agreement and any automatic renewal or extension of it.

WE WILL make all contractually required fringe benefit fund contributions, if any, that have not been made on behalf of unit employees since May 1, 2001, and reimburse unit employees for expenses ensuing from our failure to make the required payments, with interest.

WE WILL remit to Plasterers 67 the dues that employees through signed check-offs authorized us to deduct from their wages, with interest.

WE WILL make all our employees whole for all dues and fees paid by employees, who performed work for us at the Extended Stay America jobsite in 2001 in Macomb County, Michigan, that were paid to Bricklayers 9 for work falling within the above-described bargaining unit, except for payments that are shown to have been noncoercive.